1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

DAVID L. EVANS and DALA EVANS,

CASE NO. C10-0656 RSM

11

Plaintiffs,

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

12

v.

13

BAC HOME LOANS SERVICING LP,

14

Defendant.

15

16    This matter comes before the Court upon Defendant's Motion to Dismiss.  Dkt. #5.

17 Because Plaintiffs fail to allege any facts that would support their claim of superior title to the

18 real property at issue, Plaintiffs fail to state a claim upon which relief can be granted.

19 Defendant's Motion to Dismiss is GRANTED.

20                              **I. BACKGROUND**

21    Plaintiffs purchased property in Federal Way.  Dkt. # 7 Ex. B.  In connection with that

22 purchase, Plaintiffs executed an original deed of trust (the "Deed of Trust") in favor of

23 beneficiary Headlands Mortgage Company in September 1998. Dkt. #6 Ex. A.  The Deed of

24

1   Trust was recorded in King County.  *Id.*   In July of 2009, Greenpoint Mortgage Funding, Inc.,

2   successor to Headlands Mortgage Company, assigned the Deed of Trust to Defendant (now

3   going by the name BAC Home Loans Servicing LP).  Dkt. #6 Ex. B.  The assignment was

4   recorded in King County that same month.  *Id.*

5        On March 2, 2010, Plaintiffs were served with a Notice of Trustee's Sale listing

6   Defendant as assignee of the beneficial interest in the obligation secured by the Deed of Trust.

7   Dkt. #6 Ex. C.  The Notice stated that Plaintiffs were $0.00 in arrears on their monthly payments.

8   *Id.*  On March 10, 2010, Northwest Trustee Services, Inc., the Trustee under the Deed of Trust,

9   recorded a Notice of Discontinuance of the Trustee's Sale respecting Plaintiffs' property.  Dkt.

10   #16.  A week later, Plaintiffs brought this action to quiet title.

11        Defendants move to dismiss Plaintiffs' complaint on the basis that Plaintiffs have failed

12   to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. #5.

13   The Court granted Defendant's request for oral argument on its Motion to Dismiss.  Both parties

14   provided the Court with supplemental briefing in advance of oral argument.  Dkt. #s 11 & 13.

15   Oral argument was held on December 1, 2010. Dkt. # 17.

16                                    **II. DISCUSSION**

17   **A.  Standard of Review**

18        In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether

19   plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face."

20   *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v.*

21   *Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff has pled

22   "factual content that allows the court to draw the reasonable inference that the defendant is liable

23   for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. 556).  *Iqbal* introduced a two-step

24

1  process for applying this standard in the Rule 12(b)(6) context.  First, the court must "identify the

2  allegations in the complaint that are not entitled to the assumption of truth."  (*Iqbal*, 129 S. Ct. at

3  1951.)  Second, the court determines whether the remaining factual allegations "plausibly

4  suggest an entitlement to relief."  *Id.*  In making this assessment, the Court accepts all facts

5  alleged in the complaint as true, and draws all inferences in the light most favorable to the non-

6  moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009).

7  The court is not, however, bound to accept plaintiff's legal conclusions.  *Iqbal*, 129 S. Ct. at

8  1949-50.

9       The parties submitted a number of exhibits with their Supplemental Briefing.   The

10  documents submitted include loan modification agreements, a copy of the promissory note

11  underlying the Deed of Trust, a Corporations Assignment of Deed of Trust, and two declarations

12  provided by Defendant to Northwest Trustee Services, Inc.  *See* Dkt. #s 12, 14, 15.  When the

13  Court considers "matters outside the pleading" on a Rule 12(b)(6) motion, that motion must be

14  treated as a motion for summary judgment.   *See* Fed. R. Civ. P. 12(b); *Bonilla v. Oakland*

15  *Scavenger Co.,* 697 F.2d 1297, 1301 (9th Cir. 1982), *cert. denied*, 467 U.S. 1251 (1984).

16  However, on a motion to dismiss, a Court may consider documents that are referenced by the

17  complaint, are central to plaintiff's claims, and the authenticity of which is undisputed without

18  converting the motion to a motion for summary judgment.  *See Janda v. T-Mobile USA, Inc.,* 378

19  Fed.Appx. 705, 707, 2010 WL 1849028 at *1 (9th Cir. 2010) (citing *Marder v. Lopez,* 450 F.3d

20  445, 448 (9th Cir.2006)).

21       The loan modification documents fall outside the scope of the exception articulated in

22  *Janda.*  They are not referenced in Plaintiffs' complaint and are not central to Plaintiffs' claims.

23  The declarations provided to the Trustee also fall outside the scope of the complaint.  However,

24

1  because the Court does not consider these documents or any other documents that fall outside the

2  pleading in reaching its decision upon Defendant's Motion to Dismiss, the Court need not

3  convert Defendant's Motion into a Motion for Summary Judgment.

4  **B.  Plaintiffs Fail to State a Claim Upon Which Relief May be Granted**

5          Plaintiffs' complaint seeks to quiet title to real property located in Federal Way,

6  Washington.  Plaintiffs allege in their complaint that (1) they are the owner and grantees of the

7  disputed property, (2) that the Defendant claims to be their creditor by virtue of assignment of a

8  Deed of Trust, (3) that Defendants served Plaintiffs with a Notice of Trustee's Sale, and (4) that

9  Defendants failed to attach to the Notice of Trustee's Sale any evidence of any debt underlying

10  its claimed Assignment of Deed of Trust or any debt respecting Plaintiffs' property.  On this

11  basis, Plaintiffs assert that "Defendant has entirely failed to demonstrate any legitimate interest

12  in Plaintiff's property" and seek to quiet title to their property.  Pls.' Compl. ¶2.4.  Plaintiffs

13  attach a Declaration by David and Dala Evans stating that the Evans are the owners of the

14  disputed property and that the referenced deed of trust and assignment of deed of trust encumber

15  their property.

16          Plaintiffs cite to section 3 of the Washington Deed of Trust Act in their complaint. This

17  portion of the Act provides that it shall be a prerequisite to a Trustee's Sale that "a default has

18  occurred in the obligation secured or a covenant of the grantor, which by the terms of the deed of

19  trust makes operative the power to sell."  RCW 61.24.030(3).  They claim that Defendant's

20  failure to attach evidence of any debt underlying its claimed assignment of deed of trust, or

21  evidence of any debt respecting Plaintiff's property to the Notice of Trustee's Sale violated that

22  portion of the Act.  Dkt. #7 Ex. B ¶¶ 2.4, 3.2.

23          Defendant disputes Plaintiffs' ability to lawfully challenge a trustee's sale through a quiet

24  title action.  Defendant argues that Plaintiffs should not be able to obtain free and clear title to

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

their home without showing that they have paid their mortgage.  Specifically, Defendant submits five grounds on which to dismiss Plaintiffs' Complaint to Quiet Title:

1.  A plaintiff in a quiet title action must succeed on the strength of its claim, not on the weakness of the defendant's, and Plaintiffs have not alleged sufficient facts to state a plausible claim to superior title.

2.  Plaintiffs do not allege that Defendant is claiming ownership of the Property, so Defendant is not a proper party to a quiet title action.

3.  Washington's Deed of Trust Act does not require that the beneficiary possess evidence of the defaulted debt, citing RCW 61.24.030(3).

4.  Plaintiffs are not entitled to a free and clear title even if their interpretation of the statute were accurate.

5.  Allowing a suit to quiet title to proceed as a means to challenge a foreclosure would conflict with the procedural framework provided in the Washington Deed of Trust Act.

The Court agrees with the Defendant.  Plaintiffs have not alleged enough facts to entitle them to the rights and interests they seek in this quiet title action.  First, Plaintiffs fail to make any factual allegations in their complaint to support the legal conclusion that they are the owners of the disputed property.  Second, Plaintiffs fail to allege that Defendant has asserted a title interest in the subject property.  Third, even if the first two deficiencies were not present in Plaintiffs' complaint, Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust.  Because Plaintiffs have not satisfied the basic pleading requirements for stating a claim for relief in a

1   quiet title action, the Court does not reach the question of what is required under Washington's

2   Deed of Trust Act to commence a Trustee's Sale.

3         RCW 7.28.120 provides that, "The plaintiff in [a quiet title] action shall set forth in his

4   complaint the nature of his estate, claim or title to the property, and the defendant may set up a

5   legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable,

6   shall prevail."  Plaintiffs make two allegations in setting forth the nature of their claim to the

7   property.  First, Plaintiffs allege in their complaint that, "Plaintiffs are the owners and grantees of

8   certain real property located in King County."  Second, Plaintiffs' declaration states, "I am the

9   owner of certain real property in King County, Washington, identified as Assessor's Parcel

10  Number 367440-0202."  Both statements are legal conclusions, which are not entitled to the

11  assumption of truth.  *See Ashcroft v. Iqbal*, 129 S. Ct. at 1951.  Since Plaintiffs fail to provide

12  any factual support for their allegation that they are the owners and grantees of the disputed

13  property, their complaint falls short of stating a claim for which relief can be granted.  *Id.*

14        Furthermore, Plaintiffs fail to allege that Defendant has asserted a claim of title to the

15  disputed property.   Plaintiffs allege that Defendant "caused Plaintiffs to be served with a Notice

16  of Trustee's Sale."  Pls.' Comp. ¶ 2.3.  RCW 7.28.010 requires that an action for quiet title be

17  "brought against … the person claiming the title or some interest" in real property in which

18  plaintiff has a valid interest.  *See also Kozba v. Tripp,*  105 Wn. App. 90, 95, 18 P.3d 621 (2001)

19  ("An action to quiet title allows a person in peaceable possession … to compel others who assert

20  a hostile right or claim to come forward and assert that right or claim and submit to judicial

21  determination.").  The service of Notice of Process alleged in Plaintiffs' complaint does not

22  constitute a claim of title on the part of the Defendant.  Absent an allegation that Defendant has

23  asserted any title interest in the disputed property, Defendant is not a proper party to this action.

24

1  *See also Eason v. IndyMac Bank, FSB,* No. CV-090-1423-PHX-JAT, 2010 WL 1381889 (D.

2  Ariz. Apr. 6, 2010) (dismissing quiet title action because plaintiff had not alleged that defendant

3  had asserted any title interest in the subject property).

4        Finally, Plaintiffs' complaint refers to an assignment of deed of trust recorded in King

5  County in favor of Defendant, and an original deed of trust recorded in King County in favor of

6  Defendant's predecessor in interest, Headlands Mortgage Company ("Headlands").[1]  In at least

7  one other jurisdiction, in order to bring an action to quiet title, a plaintiff must allege that they

8  "are the rightful owners of the property, i.e., that they have satisfied their obligations under the

9  Deed of Trust." *See Santos v. Countrywide Home Loans,* 2009 WL 3756337 at *4 (E.D. Cal.

10  Nov. 6, 2009) (citing *Kelley v. Mortgage Elec. Reg. Sys., Inc.,* No. C 09-01538 SI, ---F.Supp.2d -

11  ---, 2009 WL 2475703, at *7 (N.D. Cal. Aug.12, 2009); *Watson v. MTC Financial, Inc.,* No.

12  2:09-CV-01012 JAM-KJM, 2009 WL 2151782 (E.D.Cal. Jul.17, 2009)).  The logic of such a

13  rule is overwhelming.  Under a deed of trust, a borrower's lender is entitled to invoke a power of

14  sale if the borrower defaults on its loan obligations.  As a result, the borrower's right to the

15  subject property is contingent upon the borrower's satisfaction of loan obligations.  Under these

16  circumstances, it would be unreasonable to allow a borrower to bring an action to quiet title

17  against its lender without alleging satisfaction of those loan obligations.  Plaintiffs have not

18  provided any rationale that would support an alternate rule.

19        Plaintiffs' argument that Defendant has failed to provide any evidence of debt underlying

20  its assignment of deed of trust or respecting Plaintiffs' property is inapposite.  "The plaintiff in

21  an action to quiet title must succeed on the strength of his own title and not on the weakness of

22

23  _____

24  [1] Defendant attaches said Deed of Trust and Assignment of Deed of Trust to its Motion to Dismiss. Dkt. #6 Exs. A & B.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7

1   his adversary."  *See Desimone v. Spence,* 51 Wn.2d 412, 415, 318 P.2d 959 (Wash. 1957);

2   *Wash. State Grange v. Brandt,* 136 Wn. App. 138, 153, 148 P.3d 1069 (Wash. Ct. App. 2006).

3   *See also Mitchell v. Cunningham*, 8 F.2d 813, 815 (9th Cir. 1925).  Plaintiffs must first satisfy

4   their burden alleging a set of facts which states a claim for relief which is plausible on its face.

5   *Ashcroft v. Iqbal*, 129 S. Ct. at 1951.  For this same reason, whether or not Washington's Deed of

6   Trust Act requires the Defendant to attach evidence of the debt underlying its assignment of deed

7   of trust to the Notice of Trustee's Sale is irrelevant.  For all of these reasons, Defendant's Motion

8   to Dismiss is GRANTED.

9                                        **III. CONCLUSION**

10       Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

11   and the remainder of the record, the Court hereby finds and ORDERS:

12      (1)  Defendant's Motions to Dismiss (Dkt. #5) is GRANTED.

13      (2)  This action is DISMISSED without prejudice.

14      (3)  The Clerk is directed to close this case and to forward a copy of this Order to all

15             counsel of record.

16      Dated December 10, 2010.

17

18

19                                       _____

20                            RICARDO S. MARTINEZ
                                    UNITED STATES DISTRICT JUDGE

21

22

23

24